UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

KISHOR KUMAR RAO and POORNIMA KISHOR,

                            Plaintiffs,

                -against-

THE CITY OF NEW YORK, DETECTIVE KEVIN
WARMHOLD, Shield No. 7034, Individually and in his
Official Capacity, P.O. YISEL CABRERA, Shield No. 994,
Individually and in Her Official Capacity, DETECTIVE
MICHAEL RISO, Shield No. 6586, Individually and in his
Official Capacity and DETECTIVE JOHN GRIDLEY,
Shield No. 24848, Individually and in his Official Capacity,

                            Defendants,

--------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

**JURY TRIAL
DEMANDED**

**ECF CASE**

14 Civ. 7422 (RRM) (LB)

       Plaintiffs KISHOR KUMAR RAO and POORNIMA KISHOR, by their attorney, Jon L.

Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiffs bring this action for compensatory damages, punitive damages

and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their

civil rights, as said rights are secured by said statutes and the Constitutions of the State of New

York and the United States.

## JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988,

and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28

U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

**PARTIES**

6.      At all relevant times, plaintiffs KISHOR KUMAR RAO and POORNIMA

KISHOR were lawful residents of the county of Queens, in the city and state of New York.

7.      Defendant, the CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, the CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants

DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO,

and DETECTIVE JOHN GRIDLEY were duly sworn police officers of said department and

were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of City and the State of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On February 27, 2013, plaintiff KISHOR KUMAR RAO rendered business services to Shajihan B. Khan. Specifically Ms. Khan purchased special customized supplements from plaintiff KISHOR KUMAR RAO.

14.     Ms. Khan went to Chase Bank alone, withdrawing $25,600.00 in cash and depositing it into the merchant's Chase business account. The bank branch manager, along with the clerk, personally checked her mental status, Photo ID, and after following due legal procedure of the bank, completed the transaction. After receiving complete merchandise of full and satisfactory condition, Ms. Khan signed the receipt.

15.     Later, Ms. Khan demanded a full refund. Plaintiff KISHOR KUMAR RAO agreed to the full refund if Ms. Khan returned the merchandise. Ms. Khan refused to return the merchandise.

16. On March 5, 2013, in order to force a refund with no return, Ms. Khan filed a false report with the New York City Police Department.

17. This false report alleged that Ms. Khan was drugged by plaintiff KISHOR KUMAR RAO, who then removed the cash from Chase while Ms. Khan was unconscious.

18. Plaintiff KISHOR KUMAR RAO did not drug Ms. Khan, nor did he take any funds out of her bank account. Ms. Khan was never unconscious in plaintiff KISHOR KUMAR RAO's business, nor at any other location.

19. There is video footage from Chase bank confirming that Ms. Khan walked in and withdrew the money herself, and then made false complaints against plaintiff KISHOR KUMAR RAO as well as against the Bank Manager and bank employees.

20. Defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO knew that Ms. Khan had made up the complaint against plaintiff KISHOR KUMAR RAO, and that her fantastic tale was fabricated to get her money back.

21. Specifically, Defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO knew that Ms. Khan had withdrawn the money herself, and was never unconscious.

22. By July 26, 2013, defendants knew that plaintiff KISHOR KUMAR RAO was innocent, when they learned that the Queens District Attorney's Office had informed plaintiff's criminal defense attorney, Jonathan Marks, Esq., that Ms. Khan was neither drugged nor unconscious in the store, and that as a result the case was going to be dismissed.

23. On September 7, 2013, the investigation into Ms. Khan's complaint was officially closed by defendant DETECTIVE KEVIN WARMHOLD.

24.     Nevertheless, on September 25, 2013, at approximately 6:00 P.M., plaintiff KISHOR KUMAR RAO was arrested at JFK International airport without a warrant by defendants P.O. YISEL CABRERA and DET. JOHN GRIDLEY, pursuant to the orders of defendant DETEVTIVE KEVIN WARMHOLD.

25.     Plaintiffs KISHOR KUMAR RAO and POORNIMA KISHOR were at JFK to travel to their native India, to visit plaintiff's ailing brother, who was suffering from liver cancer, and needed to have a liver operation.

26.     Plaintiff KISHOR KUMAR RAO was headed to India to donate a piece of his liver to his brother.

27.     In effectuating the arrest of plaintiff KISHOR KUMAR RAO, defendants P.O. CABRERA and DET. GRIDLEY forcibly and violently twisted his shoulders, causing plaintiff to suffer serious physical injury.

28.     Further, plaintiff KISHOR KUMAR RAO's back was forcibly and deliberately twisted by defendants P.O. CABRERA and DET. GRIDLEY, causing serious lower back injuries, and then pushed into the back of the police car.

29.     In effectuating the arrest plaintiff KISHOR KUMAR RAO, defendants P.O. CABRERA and DET. GRIDLEY forcibly and violently twisted plaintiff KISHOR KUMAR RAO torso, causing serious, debilitating, and permanent back injuries.

30.     The above was all done in front of plaintiff POORNIMA KISHOR, who was pleading with the defendant police officers to release her husband, and to employ less force in effecting the unlawful arrest.

31.     At this time, plaintiff POORNIMA KISHOR was fearful that defendant police officers would forcibly grab and/or assault her in the same way that they had assaulted her husband.

32.     Plaintiff KISHOR KUMAR RAO was then transported to the 106th precinct, in the county of Queens, city and state of New York.

33.     At the police precinct, plaintiff KISHOR KUMAR RAO was placed in a cell alone and held without food or water for over twelve hours.

34.     Thereafter, defendant DETECTIVE KEVIN WARMHOLD demanded a bribe from plaintiff KISHOR KUMAR RAO, by telling him, in substance, that if plaintiff KISHOR KUMAR RAO made a "donation" to the defendant police officers, his legal problems would go away. When plaintiff refused to pay defendant DETECTIVE KEVIN WARMHOLD any money, defendant DETECTIVE KEVIN WARMHOLD intentionally hit plaintiff KISHOR KUMAR RAO in the face with defendant DETECTIVE KEVIN WARMHOLD's pistol, resulting in substantial serious injuries to plaintiff, including a broken jaw and a dislocated mandibular joint.

35.     Defendants P.O. YISEL CABRERA and defendant DET. GRIDLEY were present for plaintiff KISHOR KUMAR RAO's savage beating, but did nothing to stop this unlawful conduct.

36.     Plaintiff KISHOR KUMAR RAO requested medical attention from defendant police officers, but was told that he was not allowed to see any doctors unless the money was paid in full to the defendant police officers. Plaintiff again refused to pay the bribe.

37.     Instead of seeking medical treatment for plaintiff KISHOR KUMAR RAO, defendant police officers forced plaintiff KISHOR KUMAR RAO to tell paramedics that he was ok and did not require medical assistance.

38.     Despite knowing that plaintiff KISHOR KUMAR RAO was totally innocent of the baseless charges of Ms. Khan, and despite the fact that the investigation into plaintiff KISHOR KUMAR RAO being closed on September 7, 2013, defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE GRIDLEY attempted to have plaintiff KISHOR KUMAR RAO prosecuted by forwarding false and misleading evidence to prosecutors in the Queens County District Attorney's office.

39.     On September 26, 2013, all charges were dismissed against plaintiff KISHOR KUMAR RAO prior to his criminal arraignment. Plaintiff KISHOR KUMAR RAO never even saw a judge.

40.     As a result of the events alleged herein, Plaintiff, KISHOR KUMAR RAO sustained severe, serious and permanent personal injuries, the full extent of which is unknown at this time but including and not limited to severe neck and lower back pain, right shoulder, right wrist pain, both knees, right ankle and foot pain, stiffness and radiating pain, numbness and tingling from the back all over the way down into the feet and both arms.

41.     As a result of the events alleged herein, plaintiff KISHOR KUMAR RAO suffered disc herniation's of the C3-4, C4-5, C5-6, and C6-7 with central and foraminal narrowing. The herniation's at C3-4. C4-5 and C5-6 are impinging upon the spinal cord.

42.     As a result of the beating by defendant DETECTIVE KEVIN WARMHOLD, plaintiff KISHOR KUMAR RAO was forced to endure the removal of multiple teeth, cutting and cropping of seven (7) teeth and a complete over-denture.

43.     Plaintiff KISHOR KUMAR RAO also sustained abrasions throughout his body; and additional serious injuries including severe pain, swelling, loss sexual function, loss of bladder and bowel control hence forcing plaintiff KISHOR KUMAR RAO to use adult diapers.

44.     As a result of the foregoing, plaintiff KISHOR KUMAR RAO is permanently disabled, and can no longer function in his prior role blending supplements.  Plaintiff KISHOR KUMAR RAO's business has severely suffered, as he is unable to use his expertise to manually blend supplements.

45.     As a result of the foregoing, plaintiff POORNIMA KISHOR suffered severe emotional distress at witnessing her husband being assaulted and believing that she, too, was going to be assaulted. Plaintiff POORNIMA KISHOR has sought psychological treatment to combat her severe emotional distress.

46.     As a result of foregoing, plaintiff KISHOR KUMAR RAO sustained, *inter alia*, loss of liberty, suffered severe physical injuries suffered emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of her constitutional rights.

47.     As a result of the foregoing, plaintiff KISHOR KUMAR RAO was unable to donate a piece of his liver to his brother, and his brother died as a result.

48.     Plaintiffs have complied with all of the conditions precedent of the bringing of this action, and have complied with all provisions of the Charter of the City of New York, and

8

the plaintiffs have, prior to the bringing of this action and within ninety days after the injuries hereinafter described were received, duly served notice upon the Corporation Counsel and the Comptroller for the City of New York of their intention to sue upon the claim set forth. More than thirty days have elapsed since the presentation of the Notice of Claim, and that said claim remains unadjusted and said Comptroller has failed and/or refused to make any adjustment thereof. Plaintiffs have appeared for a hearing held pursuant to the General Municipal Law Section 50-h.  The instant action was filed within one year and ninety days of the date in which plaintiffs' claims accrued.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

49.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

51.     All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens/ lawful residents of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

52.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

53.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

9

procedures, and  rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

55.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    As a result of defendants' aforementioned conduct, plaintiff KISHOR KUMAR RAO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

57.    As a result of the foregoing, plaintiff KISHOR KUMAR RAO's liberty was restricted for an extended period of time, he were put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

58.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants misrepresented and falsified evidence before the District Attorney.

60.    Defendants did not make a complete and full statement of facts to the District Attorney.

61.    Defendants withheld exculpatory evidence from the District Attorney.

62.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

63.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff KISHOR KUMAR RAO.

64.    Defendants acted with malice in initiating criminal proceedings against plaintiff KISHOR KUMAR RAO.

65.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff KISHOR KUMAR RAO.

66.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### <u>EXCESSIVE FORCE UNDER 42 U.S.C. §1983</u>

67.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff KISHOR KUMAR RAO's constitutional rights.

69.    As a result of the foregoing, plaintiff KISHOR KUMAR RAO sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**FORTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE UNDER 42 U.S.C. §1983**

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein

71.     Defendant police officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff KISHOR KUMAR RAO from being violated by other police officers in their presence.

72.     Defendant police officers violated plaintiff KISHOR KUMAR RAO's constitutional rights in the presence of their police colleagues.

73.     Defendant police officers had reason to know plaintiff KISHOR KUMAR RAO's constitutional rights were being violated.

74.     Defendant police officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff KISHOR KUMAR RAO but failed to do so.

75.     Notwithstanding this opportunity, defendant police officers failed to intervene to prevent the violations of plaintiff KISHOR KUMAR RAO's constitutional rights.

76.     As a result of the foregoing, plaintiff KISHOR KUMAR RAO sustained, *inter alia*, bodily injuries, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

77.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein

78.     Defendants created false evidence against plaintiff KISHOR KUMAR RAO.

79.     Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's Office.

80.     In creating false evidence against plaintiff KISHOR KUMAR RAO, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

81.     As a result of the foregoing, plaintiff KISHOR KUMAR RAO's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

82.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     The aforementioned individual defendants issued legal process to place plaintiff KISHOR KUMAR RAO under arrest.

84.     The aforementioned individual defendants arrested plaintiff KISHOR KUMAR RAO in order to obtain a collateral objective outside the legitimate ends of the legal process.

85.     The aforementioned individual defendants acted with intent to do harm to plaintiff, without excuse or justification.

86.     As a result of the foregoing, plaintiffs sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

87.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Defendants arrested and incarcerated plaintiff KISHOR KUMAR RAO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff KISHOR KUMAR RAO's liberty, well-being, safety and constitutional rights.

89.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

90.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

91.    Said unlawful customs, policies, usages, practices and procedures include, but are not limited to: (1) unlawfully arresting travelers at JFK International Airport, (2) unlawfully assaulting and beating arrestees in an attempt to coerce a bribe, (3) unlawfully using excessive force against Indian-Americans when conducting illegal searches and seizures.

92.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

93.    The foregoing customs, policies, usages, practices, procedures and rules of the

14

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

94.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

95.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KISHOR KUMAR RAO was incarcerated unlawfully.

96.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff KISHOR KUMAR RAO.

97.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff KISHOR KUMAR RAO's constitutional rights.

98.     All of the foregoing acts by defendants deprived plaintiff KISHOR KUMAR RAO of federally protected rights, including, but not limited to, the right:

> A.     Not to be deprived of liberty without due process of law;
>
> B.     To be free from seizure and arrest not based upon probable cause;
>
> C.     To be free from unwarranted and malicious criminal prosecution;
>
> D.     Not to have cruel and unusual punishment imposed upon him; and
>
> E.     To receive equal protection under the law.

**PENDANT STATE CLAIMS UNDER NEW YORK STATE LAW**

99.     Plaintiff repeats, reiterates and  realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

101.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

102.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

103.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF**
**UNDER N.Y. STATE LAW ASSAULT**

104.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.     Defendants' aforementioned actions placed plaintiff KISHOR KUMAR RAO in apprehension of imminent harmful and offensive bodily contact.

106.     Defendants' aforementioned actions placed plaintiff POORNIMA KISHOR in apprehension of imminent harmful and offensive bodily contact.

107.    As a result of the foregoing, plaintiff KISHOR KUMAR RAO sustained, *inter alia*, loss of liberty, assault, battery, lost earnings, emotional distress, embarrassment and humiliation and deprivation of their constitutional rights.

## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

108.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendant police officers touched plaintiff KISHOR KUMAR RAO in a harmful and offensive manner.

110.    Defendant police officers did so without privilege or consent from plaintiff.

111.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRD CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE ARREST

112.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Defendant police officers arrested plaintiff KISHOR KUMAR RAO in the absence of probable cause and without a warrant.

114.    As a result of the aforesaid conduct by defendants, plaintiff KISHOR KUMAR RAO was subjected to an illegal, improper and false arrest by the defendants and taken into

custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

115.    The aforesaid actions by the defendants constituted a deprivation of the plaintiff KISHOR KUMAR RAO's rights.

## FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

116.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of the foregoing, plaintiff KISHOR KUMAR RAO was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for their safety, was humiliated and subjected to handcuffing, and other physical restraints.

118.    Plaintiff KISHOR KUMAR RAO was conscious of said confinement and did not consent to same.

119.    The confinement of plaintiff KISHOR KUMAR RAO was without probable cause and was not otherwise privileged.

120.    As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

123.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

124.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

125.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

126.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

127.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Defendant the City of New York owed a duty to the public at large, including but not limited to plaintiffs, to exercise reasonable care in the selection, hiring and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

129.    Defendant City of New York failed to use reasonable care when it hired defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY.

130.    Defendant City of New York failed to make reasonable inquiries into the background of defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY.

131.    Had defendant City of New York used reasonable care in inquiring into the background of defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY, it would have learned  that they were patently unqualified to serve as police officers in the New York City Police Department.

132.    As a result of the foregoing, defendant City of New York breached its duty to use reasonable care in the selection and hiring of all of its employees.

133.    As a result of defendant City of New York's negligence in hiring defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY, plaintiff KISHOR KUMAR RAO was subjected to excessive force and to a false arrest by defendant police officers "John Doe" # 1 - 10.

134.    Upon information and belief, this was not the first time that defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY had used excessive force and/or made false arrests against a citizen of the City of New York.

135.    Defendant City of New York knew, or in the exercise of reasonable care, should have known, that defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY had a propensity for using excessive force and/or making false arrests against citizens of the City of New York.

136.    Defendant The City of New York knew, or in the exercise of reasonable care, should have known, that DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY had a propensity for engaging in grossly improper, inappropriate and unlawful conduct towards citizens of the City of New York, and then concealing such misconduct by making false accusations against such citizens.

137.    Notwithstanding The City of New York's  knowledge of the propensities of defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY, defendant the City of New York retained defendants DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY as employees, and allowed them to continue to deal directly with the members of the public, including but not limited to, plaintiffs KISHOR KUMAR RAO and POORNIMA KISHOR.

138.    In choosing to hire, and then retain, DETECTIVE KEVIN WARMHOLD, P.O. YISEL CABRERA, DETECTIVE "JOHN" RISO, and DETECTIVE JOHN GRIDLEY, defendant City of New York breached its duty to the public at large, and to plaintiffs KISHOR KUMAR RAO and POORNIMA KISHOR in particular, to use reasonable care in the selection and retention of its employees.

139.    Defendant City of New York was further negligent in failing to provide adequate training regarding the use of force against civilians, and in failing to adequately supervise defendants in the performance of their occupational duties.

140.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and are further entitled to punitive damage against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs demand judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       December 18, 2015

                                    BY:    _____
                                           JON L. NORINSBERG (JN-2133)
                                           Attorney for Plaintiff
                                           225 Broadway, Suite 2700
                                           New York, N.Y. 10007
                                           (212) 791-5396