UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KISHOR KUMAR RAO,

                Plaintiff,          **MEMORANDUM AND ORDER**

        v.                               14-CV-7422 (RPK) (LB)

THE CITY OF NEW YORK, DETECTIVE
KEVIN WARMHOLD, OFFICER YISEL
CABRERA, DETECTIVE MICHAEL RISO,
and DETECTIVE JOHN GRIDLEY,

                Defendants.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Defendants' motion to prohibit plaintiff from seeking damages stemming from his arrest is denied. *See* Defs.' Mots. *in Limine* 38 & n.7 (Dkt. #104-9) ("Defs.' MILs"). A defendant in a tort suit, including a Section 1983 action, is generally "responsible for the natural consequences of [his] actions" under principles of proximate causation. *Warner v. Orange Cnty. Dep't of Prob.*, 115 F.3d 1068, 1071 (2d Cir. 1996) (quoting *Malley v. Briggs*, 475 U.S. 335, 344 n.7 (1986)); *see Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999). Accordingly, a plaintiff pressing a claim for malicious abuse of process may generally seek damages for an arrest or imprisonment on the theory that those harms were the natural consequence of the wrongful conduct he alleges. *See, e.g.*, *Palmer Ford, Inc. v. Wood*, 500 A.2d 1055, 1059–61 (Md. Ct. App. 1985); *Hoppe v. Klapperich*, 28 N.W.2d 780, 786–87 (Minn. 1947); *see also* W. Page Keeton, et al., Prosser & Keeton on Torts § 121, at 900 (5th ed. 1984) ("Once the plaintiff's right is established, actual damages proximately caused can be recovered, including indirect losses such as injury to financial standing and intangible losses such as 'mental injury.'"); *Swicegood v. Lott*, 665 S.E.2d 211, 214–15 (S.C. 2008) (holding that plaintiff could recover damages for injury to reputation from arrest in

abuse-of-process case, even though probable cause was undisputed) (citing *Huggins v. Winn-Dixie Greenville, Inc.*, 166 S.E.2d 297, 301 (S.C. 1969) ("Damages recoverable for abuse of process are compensatory for the natural results of the wrong, and may include recompense for physical or mental injury; expense; loss of time; and injury to business, property or financial standing.")).

Of course, the chain of causation between a police officer's wrongful act and a conviction or incarceration can be broken by an intervening exercise of independent judgment by another decisionmaker—such as a prosecutor or judge. *See Townes*, 176 F.3d at 146; *Zahrey v. Coffey*, 221 F.3d 342, 351–52 (2d Cir. 2000). But I cannot conclude as a matter of law that such an intervening event is present here. After all, plaintiff is seeking damages for the brief period in which he was held in custody following a warrantless arrest at defendant Warmhold's direction, and before a prosecutor declined to proceed with charges. He is not seeking damages from confinement that followed a charging decision by a prosecutor, a bail determination by a magistrate, or an adjudication by a jury.

Accordingly, plaintiff will be permitted to introduce evidence regarding his September 2013 arrest and detention to show damages for malicious abuse of process.

SO ORDERED.

                                                   */s/ Rachel Kovner*
                                                   RACHEL P. KOVNER
                                                   United States District Judge

Dated: December 22, 2022
        Brooklyn, New York