```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KISHOR KUMAR RAO,

                        Plaintiff,                              MEMORANDUM & ORDER

            v.                                                  14-CV-7422 (RPK) (LB)

THE CITY OF NEW YORK, DETECTIVE
KEVIN WARMHOLD, OFFICER YISEL
CABRERA, DETECTIVE MICHAEL RISO,
and DETECTIVE JOHN GRIDLEY,

                        Defendants.
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

      This Order disposes of several of the evidentiary issues that I took under advisement after today's conference.

## I. Admissibility of Defendants' Rule 36 Admissions

      Plaintiff seeks to offer into evidence admissions by defendants (1) that "at some point during the summer of 2013 Detective Warmhold had a phone conversation with Detective Michael Riso regarding Dr. Rao wherein Detective Riso informed Detective Warmhold that Detective Riso was at the residence of Dr. Rao"; and (2) "that Detective Warmhold is unable to identify the police officer who accompanied him and plaintiff Dr. Rao to the bathroom on the second floor of the 106th Precinct on September 25, 2013." Pl.'s Letter Regarding Admissibility of Defendants' Rule 36 Admissions 1 (Dkt. #139). Defendants object to plaintiff's use of these statements.

      "Admissions obtained under Rule 36 may be offered in evidence at the trial of [an] action" as admissions of a party opponent, although "they are subject to all pertinent objections that may be interposed at trial." Wright & Miller, *Federal Practice & Procedure* § 2264. I reserve

judgment on any Rule 401 and 403 objections pertaining to these admissions until hearing testimony about the relevant events at trial. *See* Fed. R. Civ. P. 401, 403.

II.  **Admissibility of Detective Warmhold's Alleged Offensive Statement to Plaintiff**

I decline to preclude plaintiff from testifying about Detective Warmhold's alleged comment to plaintiff, allegedly right before Detective Warmhold assaulted plaintiff, that plaintiff could not "use this toilet seat," because "[i]t's not for a dirty brown Indian immigrant like you." Draft Tr. of Jan. 1, 2023 Hearing 51 ("1/27/23 Draft Tr."). The remarks of an alleged perpetrator right before an alleged use of force are a natural part of the narrative of the alleged assault itself, and bear on state of mind and motive. The statements are also relevant to plaintiff's claim for intentional infliction of emotional distress ("IIED") under New York law. *See, e.g.*, *Mejia v. City of New York*, 119 F. Supp. 2d 232, 286 (E.D.N.Y. 2000) ("Several courts have held that a police officer's use of ethnic slurs, when coupled with use of excessive force, is sufficient to state an IIED claim."). I do not find that the relevance of these alleged statements is substantially outweighed by the risk of unfair prejudice (or other harms set out in Rule 403). Nevertheless, defendants may submit a proposed limiting instruction regarding this testimony if desired.

III.  **Scope of Dr. Kaplan's Treating-Physician Testimony**

Dr. Kaplan may offer treating-physician testimony as previewed in Court today, including his opinion—formed during the course of treatment—that the injuries he observed were caused by trauma. Contrary to defendants' contentions, *see* 1/27/23 Draft Tr. 58, 60, Dr. Kaplan testified at the *Daubert* hearing regarding the opinions on causation that he formed during the course of his treatment of Dr. Rao. Specifically, the following colloquy occurred:

- Q: Based on your treatment of Dr. Rao from 2013 through 2015 and those five exams, the findings on those exams, the results of the MRI results, your training and experience as a medical doctor, and the

> history you were given, do you have an opinion as to whether or not the injuries that you documented were caused by trauma?
>
> - MS. FADDIS: Objection. This goes beyond the scope of the report.
>
> - THE COURT: Give me a second. (Pause) Okay. Go ahead and answer. We can take it up later.
>
> - A: My opinion is yes, they are a result of trauma.
>
> - Q: What's the basis of your opinion?
>
> - A: The basis is the patient reporting the history of an assault, having no prior problems with any of these areas, having persistent, consistent physical exam findings and MRI findings to document injuries in the three areas, and that's it.

Tr. of Feb. 8, 2022 *Daubert* Hearing 100 (Dkt. #141-2).

Defendants' objection at the *Daubert* hearing that Dr. Kaplan's testimony went "beyond the scope of the report," *ibid.*, lacks merit. A treating physician need only disclose the subject matter on which he is expected to present evidence, and a summary of the facts and opinions to which he will testify. Fed. R. Evid. 26(a)(2)(C). Dr. Kaplan's expert disclosure adequately conveys that information. *See* Faddis Decl., Exhibit A (Dkt. #104-2) ("Kaplan Report").

Defendants also objected to possible opinion testimony based on hypotheticals posed by plaintiff's counsel. But plaintiff's counsel clarified that this is not the testimony he intends to elicit from Dr. Kaplan. *See* 1/17/23 Draft Tr. 57.

### IV.     Admissibility of Dr. Naik's Medical Records

Dr. Naik may offer testimony at trial for the purpose of authenticating as business records the dental records that plaintiff produced before the close of discovery, *i.e.*, the documents identified in the parties' joint pretrial order as plaintiff's Exhibit 25. *See* Joint Pretrial Order 7

3

(Dkt. #89). I reserve decision on whether those records are admissible until hearing the trial testimony bearing on this point.

    SO ORDERED.

                                                                             */s/ Rachel Kovner*
                                                                             RACHEL P. KOVNER
                                                                             United States District Judge

Dated: January 17, 2023
       Brooklyn, New York