UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KISHOR KUMAR RAO,

                Plaintiff,                **MEMORANDUM AND ORDER**

               v.                               14-CV-7422 (RPK) (LB)

THE CITY OF NEW YORK, DETECTIVE
KEVIN WARMHOLD, OFFICER YISEL
CABRERA, DETECTIVE MICHAEL RISO,
and DETECTIVE JOHN GRIDLEY,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Defendants seek monetary sanctions against plaintiff's counsel under Federal Rule of Civil Procedure 37(c) for failure to disclose certain treatment records in discovery, and against plaintiff personally under the Court's inherent authority for his fabrication of certain photographs. *See generally* Mot. for Sanctions (Dkt. #168). The motion is denied.

      Monetary sanctions against counsel are unwarranted under Rule 37(c). Plaintiff failed to disclose during discovery a set of handwritten medical records created by a dentist in India, Dr. Poorya Naik. Plaintiff's counsel explained that he did not disclose those records because he believed they were simply a color version of black-and-white records from Dr. Naik that plaintiff did timely produce. I made clear that the only records of Dr. Naik plaintiff would be permitted to authenticate and offer at trial were the black-and-white records disclosed during discovery—and then only if Dr. Naik testified before the jury to properly authenticate them. *See* Mem. & Order dated 1/17/2023, at 3 (Dkt. #151). Ultimately, plaintiff did not call Dr. Naik to testify or offer as evidence any of Dr. Naik's treatment records.

      In assessing whether to impose sanctions based on plaintiff's failure to timely produce all the relevant dental records, I consider "(1) the willfulness of the non-compliant party or the reason

1

for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (citation omitted).  Those factors do not support a monetary sanction, principally because the discovery violation was not willful; there had been no prior relevant warnings to plaintiff; and the alternative remedy of excluding the late-produced records was an efficacious sanction.

I also decline to impose monetary sanctions on plaintiff himself under my inherent powers for his submission of certain doctored photos to the court as potential trial exhibits.  As relevant to that request, plaintiff submitted as proposed trial exhibits photos showing him with various world leaders, including Indian Prime Minister Narendra Modi.  During *in limine* practice, I excluded those photos on relevance grounds.  Defense counsel later discovered that the Modi photos were fabrications, in which plaintiff had been digitally inserted into publicly available images.  Defendants cross-examined plaintiff at trial about the fabrication and his submission of the photos to the Court.  The jury ultimately returned a verdict in favor of defendants on all counts.

A district court has the inherent power to impose sanctions on a party who "has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case." *Lawrence v. City of New York*, No. 15-CV-8947 (WHP), 2018 WL 3611963, at *6 (S.D.N.Y. July 27, 2018). A movant bears the burden of showing such "fraud upon the court by clear and convincing evidence." *Ibid.*  When that standard is satisfied, "[c]ourts in this district typically weigh five factors in determining the appropriate sanction." *DAG Jewish Directories, Inc. v. Y & R Media, LLC*, No. 09-CV-7802 (RJH), 2010 WL 3219292, at *4 (S.D.N.Y. Aug. 12, 2010).  Those are: "(1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior,

rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future." *Ibid.*

While I assume for the purposes of this order that fraud on the court has been established by clear and convincing evidence, monetary sanctions for plaintiff's fabrication of a plainly irrelevant exhibit are not warranted under the circumstances of this case. Most critically, plaintiff's misconduct did not prejudice defendants. The fabricated photographs were excluded as irrelevant before plaintiff's fabrication was uncovered. And plaintiff's fabrication likely redounded to defendants' benefit, because the Court permitted defendants to cross-examine plaintiff about the fabrication, and that line of inquiry provided jurors with reason to doubt plaintiff's veracity in a case that turned largely on plaintiff's credibility. Moreover, I cannot conclude that plaintiff's fabrication was part of any pattern of misbehavior or that—with this case already concluded—plaintiff's misconduct in fabricating evidence is likely to continue. As a result, even assuming that plaintiff's fabrication was the product of intentional bad faith, I decline to impose monetary sanctions.

Defendants' request for sanctions is denied.

SO ORDERED.

                                             */s/ Rachel Kovner*
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated: May 26, 2023
      Brooklyn, New York